IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **GERALD GORDON** d/b/a **INDIANA HONEY BEES**,<br><br>　　Plaintiff,<br><br>　v.<br><br>**KENNETH ANDREW FINCH** d/b/a **FINCH APIARY**, **RAYMOND MCCOY**, and **RYAN CUTTS**,<br><br>　　Defendants.<br>―――――――――――――――――<br>**KENNETH ANDREW FINCH** d/b/a **FINCH APIARY**, **RAYMOND MCCOY**, and **RYAN CUTTS**,<br><br>　　Counter-Plaintiffs,<br><br>　v.<br><br>**GERALD GORDON** d/b/a **INDIANA HONEY BEES**,<br><br>　　Counter-Defendant. | **Case No. 2:21-cv-00292-TLS-JEM**<br><br>**Judge Springmann**<br><br>**Magistrate Judge Martin**<br><br>**Jury Trial Demanded** |

### JOINT MOTION FOR ENTRY OF AGREED PROTECTIVE ORDER (REURGED)

Plaintiff / Counter-Defendant Gerald Gordon d/b/a Indiana Honey Bees ("Plaintiff") and Defendants / Counter-Plaintiffs Kenneth Andrew Finch d/b/a Finch Apiary, Raymond McCoy, and Ryan Cutts (collectively, "Defendants") respectfully request, pursuant to Fed. R. Civ. P. 26(c), that the Court enter the revised proposed agreed Protective Order submitted contemporaneously in .doc (MS Word) format in accordance with the Court's CM/ECF User's

Manual.  The revised proposed agreed Protective Order addresses the issues described in the Court's order, *see* Doc. 36-1, regarding the parties' prior submission.  In further support of this Motion, the parties state as follows:

1.	This litigation arises from a dispute between the parties regarding an order for nucleus bee colonies placed by Plaintiff in 2020 and delivered by Defendants in April 2021.  The parties held their Fed. R. Civ. P. 26(f) planning meeting on January 3, 2022.  *See* Doc. 18.  Following submission of the Rule 26(f) report, the Court entered a scheduling order on January 11, 2022.  *See* Doc. 20.

2.	Plaintiff served his first sets of written discovery upon Defendants on February 1, 2022.  During Spring 2022, the parties filed and briefed dispositive motions relating to the pleadings.[1]  *See* Docs. 22, 28-32.

3.	Defendants responded to Plaintiff's first sets of written discovery between April 19 and May 4, and served written discovery upon Plaintiff on June 15.  Defendants also furnished amended discovery responses to Plaintiff on June 15.  Around that same time, Plaintiff served subpoenas on third-party state agricultural agencies.  Plaintiff responded to Defendants' first sets of written discovery on July 15, 2022 and served additional sets of written discovery upon Defendants on that same day.

4.	Since May, the parties have been discussing issues regarding the sufficiency of existing discovery responses.  As part of these discussions, counsel have negotiated a stipulated protective order to protect sensitive business information and facilitate the production of documents.  Defendants have objected to certain of Plaintiff's discovery requests in part because the requests seek confidential information.  Plaintiff has conditioned certain discovery responses

---

[1] Decisions relating to these dispositive motions may necessitate amendments to the parties' pleadings and could impact the scope of discovery.

upon the entry of a protective order. Accordingly, entry of a protective order will serve the interests of all parties.

5. To facilitate written discovery, this Motion seeks entry of the revised proposed agreed Protective Order. Good cause exists to enter the revised proposed agreed Protective Order. Entry of the revised proposed agreed Protective Order will enable the parties to proceed with written discovery that involves sensitive and confidential information. The revised proposed agreed Protective Order, if entered, will streamline the discovery process. While the parties may need to seek discovery relief from the Court in the event of an impasse, entry of the revised proposed agreed Protective Order will promote discovery that focuses on the merits of the parties' claims, rather than on issues regarding the protection of sensitive and confidential information.

6. The revised proposed agreed Protective Order addresses the issues that precluded entry of the prior proposed order.

7. For the foregoing reasons, the parties respectfully request that the Court enter the revised proposed agreed Protective Order and grant such other relief as the Court may deem appropriate under the circumstances.

Dated: September 20, 2022

| Plaintiff, by counsel: | Defendants, by counsel: |
|---|---|
| By: */s/ Daniel Faichney* | By: */s/ Andrew Ault* |
| Tomas M. Thompson & Daniel Faichney | Andrew Ault |
| 542 South Dearborn St., 10th Floor | 5214 S. East St., Suite D2 |
| Chicago, IL 60605 | Indianapolis, IN 46227 |
| tom@thompsonlegal.org | andrewaultlaw@gmail.com |
| dfaichney@thompsonlegal.org | (317) 886-0948 |
| (312) 965-8934 | |

## Certificate of Service

I, Daniel Faichney, an attorney, hereby certify that on this 20th day of September 2022, a true and correct copy of the foregoing **JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER (REURGED)** was electronically filed with the Clerk of Court using CM/ECF, which will send notification to the registered attorneys of record that the documents have been filed and are available for viewing.

By: */s/ Daniel Faichney*