UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GERALD GORDON d/b/a INDIANA HONEY BEES, Plaintiff, | ) ) ) ) |
| v. | ) )  CAUSE NO.: 2:21-CV-292-TLS-JEM |
| KENNETH ANDREW FINCH d/b/a FINCH APIARY, *et al.*, Defendants, | ) ) ) ) ) |
| KENNETH ANDREW FINCH d/b/a FINCH APIARY, *et al.*, Counterclaimants, | ) ) ) ) ) |
| v. | ) ) |
| GERALD GORDON d/b/a INDIANA HONEY BEES, Counterclaim Defendant. | ) ) ) ) |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Leave to File Amended Complaint [DE 54], filed May 31, 2023. Defendants filed a response on June 14, 2023, and on June 16, 2023, Plaintiff filed a reply.

**I.   Background**

On May 17, 2023, District Court Judge Theresa L. Springmann granted in part Defendants' Motion for Judgment on the Pleadings, dismissing a number of Plaintiff's claims, including all claims against Defendants Raymond McCoy and Ryan Cutts, and granting Plaintiff leave to file a motion to amend in accordance with the Opinion. Plaintiff now seeks leave to amend the

1

Complaint to address and correct the deficiencies identified by Judge Springmann. Defendants argue that the proposed amendment is deficient.

## II.     Analysis

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183).

To survive a Rule12(b)(6) motion to dismiss for failure to state a claim, the complaint must first provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

Defendant argues that the proposed amended pleading is still deficient and would not survive a motion to dismiss.

A. Fraud Claims

Defendant argues that the proposed fraud allegations again fail to meet the requirements of a fraud claim. The proposed claims for fraud against identify a number of misrepresentations allegedly made by Finch to Gordon in April, 2021, about delivery of nucleus bee colonies, or "nucs," pursuant to an agreement made between Gordon and Finch in October 2020. Plaintiff argues that he relied on the misrepresentations, made in April 2021, when deciding to place the Order in October 2020 and to accept customer orders and make prepayments prior to April 2021. He also alleges that Defendants McCoy and Cutts participated in the assembling and delivery of defective nucs and failure to correct the defects.

Judge Springmann explained that representations about what Defendants will do in the future cannot form the basis of fraud. As she clearly explained, broken promises about the quality of the nucs or promises to fix defects do not constitute fraud. *Kopis v. Savage*, 498 N.E.2d 1266, 1272 (Ind. Ct. App. 1986) ("In Indiana, actionable fraud arises from false representation of past or existing facts, not from representations as to future action or future conduct. It cannot be based on broken promises, unfulfilled predictions, or statements of existing intent which are not executed.").

To the extent that Plaintiff is attempting to allege fraud in the inducement, that Plaintiff was induced to sign a contract or act in reliance to its disadvantage because of Defendant's misrepresentations, the identified misrepresentations occurred after the formation of the contract and the reliance and therefore fail. *Jones v. Oakland City Univ.*, 122 N.E.3d 911, 918 (Ind. Ct. App. 2019) ("To plead a claim of fraud in the inducement, [the plaintiff] needed to state (1) a

material misrepresentation of past or existing facts; (2) made with knowledge or reckless ignorance of its falsity; (3) which caused the claimant to rely upon the misrepresentation to the claimant's detriment.") (citing *Siegel v. Williams*, 818 N.E.2d 510, 515 (Ind. Ct. App. 2004)).

Similarly, the proposed amendment alleging misstatements regarding resolution of the queen failure issue and state inspection of the delivered nucs still fails to address the inadequacies identified in Judge Springmann's Opinion. Although Plaintiff has added dates and times to some of the alleged misrepresentations, he has not even done that as to all the amended claims of fraud, and simply adding that information does not convert misrepresentations into fraud. Federal Rule of Civil Procedure 9(b) "'requires the plaintiff to conduct a precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported.' That is, the effort must manifest itself in the complaint through the familiar 'who, what, when, where, and how' requirements." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 950 (7th Cir. 2013) (quoting *Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir.1999)). The instant proposed amendment does not demonstrate the requisite investigation and accompanying detail required in a fraud allegation.

    B.  Indiana Deceptive Consumer Sales Act

Plaintiff attempts to revive his claims under Indiana's Deceptive Consumer Sales Act (IDCSA), Ind. Code § 24-5-0.5, which prohibits deceptive acts or practices in connections with consumer transactions. The proposed amended complaint, like the original, alleges that "[a]s part of his business, Plaintiff sells and breeds Indiana-bred Italian hybrid queen bees and nucleus bee colonies, or 'nucs,' containing a queen. Plaintiff sells queens and nucs to numerous customers each year." ¶ 7. It also continues to allege that "Gordon was counting on 800 quality nucs because he

had nearly 800 orders from hundreds of customers." ¶ 18. Judge Springmann concluded that Gordon's purposes in purchasing nucs from Finch were commercial, not for merely personal use, placing the transaction outside the scope of the IDCSA.

Plaintiff seeks to amend the complaint to define his beekeeping business as an agricultural activity, one of the definitions of "consumer transaction" as distinct from a commercial transaction. Ind. Code 24-5-0.5-2(a)(1). He argues that its purpose was primarily agricultural, for animal husbandry, rather than commercial, as Judge Springmann concluded. However, regardless of whether Plaintiff's purchase from Defendants was for agricultural use within the meaning of the IDCSA, he must plead fraud with the requisite particularity as to this claim. *McKinney v. State*, 693 N.E.2d 65, 67 (Ind. 1998) ("[W]e hold that Indiana Trial Rule 9(B)—which requires that fraud be pleaded with "particularity"—applies to actions under the Act [IDCSA] that are "grounded in fraud.""); *Agrolipetsk, LLC v. Seeds*, No. 116CV03414SEBMPB, 2018 WL 4574335, at *3 (S.D. Ind. Sept. 25, 2018) (disallowing amendment where "[n]o mention of such an act [of failure to disclose problems with seeds] or of any deceptive act, is made in the communication cited by Agrolipetsk. At most, it describes a breach of warranty by Defendants. But not every breach of contract is a deceptive act or omission under the Deceptive Sales Act.") (quotation and marks omitted). Plaintiff alleges that Defendants failed to acknowledge or correct defects with the nucs, and that the deception was part of a scheme to defraud but does not explain how the alleged failure to correct rises to a scheme to defraud by identifying the who, what, where, when, and how of the alleged scheme.

5

### III. Conclusion

Plaintiff's proposed amendment would be futile, and therefore will not be permitted. Plaintiff may proceed on his initial claims for breach of contract (Count I), breach of warranty regarding Finch's inspection report and statement that he fixed McCoy's queen failure issues (Count II), and negligent misrepresentation (Count VI).

Accordingly, for the foregoing reasons, the Court **DENIES** the Motion for Leave to File Amended Complaint [DE 54].

SO ORDERED this 10th day of July, 2023.

                                                s/ John E. Martin
                                                MAGISTRATE JUDGE JOHN E. MARTIN
                                                UNITED STATES DISTRICT COURT

cc: All counsel of record