UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GERALD GORDON d/b/a<br>INDIANA HONEY BEES,<br>    Plaintiff,<br><br>    v.<br><br>KENNETH ANDREW FINCH d/b/a<br>FINCH APIARY, *et al.*,<br>    Defendants,<br>_____<br><br>KENNETH ANDREW FINCH d/b/a<br>FINCH APIARY, *et al.*,<br>    Counterclaimants,<br><br>    v.<br><br>GERALD GORDON d/b/a<br>INDIANA HONEY BEES,<br>    Counterclaim Defendant. | )<br>)<br>)<br>)<br>)<br>)  CAUSE NO.: 2:21-CV-292-TLS-JEM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FINDINGS, REPORT, AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on a Motion for Default and Alternative Motion for Leave to Amend Counterclaim After Any Amended Complaint [DE 52], filed by Defendants/Counterclaimants on May 24, 2023, and a Motion for Leave to File Answer to Counterclaim [DE 53], filed by Plaintiff/Counter Defendant Gordon on May 26, 2023.

On July 11, 2023, District Court Judge Theresa L. Springmann entered an Order [DE 59] referring the motion for default [DE 52] to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The other motions and relief requested, including amendment of counterclaims and an extension of time to answer the counterclaim, are

1

not subject to the referral.

On April 28, 2023, Plaintiff's motion to dismiss the counterclaim was granted in part, making an answer to the remaining claims due by May 12, 2023. On May 17, 2023, Defendants' motion for judgment on the pleadings was granted in part, giving Plaintiff a deadline of May 31, 2023, to file a motion to amend his Complaint. On May 24, 2023, Defendants filed the instant motion for default and to amend, and on May 26, 2023, Plaintiff filed the instant motion for leave to answer the counterclaim out of time. Plaintiff filed a response to the motion for default on June 7, 2023, and Defendants did not file a reply, nor did they respond to the motion for leave to answer. The Court denied Plaintiff's motion to amend his complaint on July 10, 2023.

Defendants argue that default judgment should be entered against Plaintiff for his failure to timely answer Defendants' counterclaims or that, in the alternative, they be permitted to file amended counterclaims in response to any amended complaint, although no proposed amended pleading is attached. Plaintiff requests that he be permitted to file an out-of-time answer to the counterclaims.

Under Federal Rule of Civil Procedure 6, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (A) before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). Additionally, Local Rule 6-1 requires that any motion for an extension of time must either state that there is no objection to the extension or describe the requesting party's efforts to get opposing attorneys to agree to the extension if there is an objection. N.D. Ind. L.R. 6-1.

Plaintiff does not explain why he did not file an answer or attempt to reach out to Defendants prior to the expiration of the deadline, but both parties report attempts to reach agreement on the filing of their respective amendments. Defendants did not file a response to the motion to answer or a reply addressing the arguments Plaintiff raised in his response to their motion for default, so the Court concludes that they do not object to the filing of a belated answer. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver.") (*citing U.S. v. Farris*, 532 F.3d 615, 619 (7th Cir. 2008); *Williams v. REP Corp.*, 302 F.3d 660, 667 (7th Cir. 2002)).

The Court finds that Plaintiff acted out of excusable neglect in his failure to request an extension of time before it expired and, in the interests of justice, concludes that a belated answer is appropriate. Because there will be an answer to the counterclaims, default judgment is inappropriate. Plaintiff's motion to amend his complaint was denied, but in the interests of justice the Court will reopen the deadline for Defendants to file a motion to amend their counterclaims.

Accordingly, the Court **RECOMMENDS** that District Court Judge Theresa L. Springmann **DENY** the request for default judgment requested in the Motion for Default and Alternative Motion for Leave to Amend Counterclaim After Any Amended Complaint [DE 52].

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections to the decision on the Motion for Sanctions with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15

3

F.3d 664, 668 (7th Cir. 1994); *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989).

The Court **GRANTS** the Motion for Leave to File Answer to Counterclaim [DE 53] and **ORDERS** that Plaintiff must file its answer to Defendants' Counterclaims by **July 18, 2023**. The Court **GRANTS, for relief different than requested**, the alternate relief within the Motion for Default and Alternative Motion for Leave to Amend Counterclaim After Any Amended Complaint [DE 52] and **ORDERS** that Defendants have until **July 25, 2023**, within which to file a motion to amend the counterclaims, with the proposed amendment attached as an exhibit in accordance with Northern District of Indiana Local Rule 15-1.

SO ORDERED this 12th day of July, 2023.

                                                s/ John E. Martin
                                                MAGISTRATE JUDGE JOHN E. MARTIN
                                                UNITED STATES DISTRICT COURT

cc:  All counsel of record